UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| COURTNEY HEARN, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Case No. 4:12-cv-01933-VEH-JHE |
| ) | |
| COMMISSIONER OF ALABAMA ) | |
| DEPARTMENT OF CORRECTIONS) | |
| ET AL. ) | |
| ) | |
| Respondents ) | |

## MEMORANDUM OPINION

On June 22, 2015, the magistrate judge's report and recommendation (doc. 11) was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. No objections have been filed and the deadline to do so has passed. The matter is thus before the undersigned for decision.

### DISTRICT COURT REVIEW OF REPORT AND RECOMMENDATION

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir.1982)).¹ The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*. This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).²

---

¹ The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

² *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court.").

## CONCLUSION

After careful consideration of the record in this case, and having conducted a *de novo* review of the magistrate judge's report and recommendation, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 21st day of July, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge